# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. HENAHAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 7:16-CV-00042 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Defendant. ) | |

## ANSWER

The Defendant, United States of America, by counsel, files this Answer to the Complaint and states as follows:

1-4. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 4 and, accordingly, denies them.

5-6. Pursuant to the United States' Motion for Partial Dismissal of the Complaint and the accompanying memorandum, the Court lacks jurisdiction over allegations about conduct at the SVAMC. To the extent that a response is necessary, the allegations in paragraphs 5 and 6 are denied.

7. The United States denies the allegation in paragraph 7, but admits that Dr. Chin Ti-Lin, Dr. Stephen Freedland, and Dr. Erin McNamara were employees

1

for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680.

8-13. The allegations in paragraphs 8 through 13 are legal conclusions to which no response is required. To the extent that a response is required, the United States denies them.

14-17. Paragraphs 14 through 17 are legal conclusions to which no response is required. To the extent that a response is required, the United States denies them. In addition, these allegations are legally deficient as stated in the United States' Motion to Dismiss Allegations That North Carolina Laws are Unconstitutional or, Alternatively, for an Order Directing Compliance with Fed. R. Civ. P. 5.1 and the accompanying memorandum of law, and as stated in the United States' Motion for an Order Finding that North Carolina Substantive Law Applies to this Action and the accompanying memorandum.

18-26. Pursuant to the United States' Motion for Partial Dismissal of the Complaint and the accompanying memorandum, the Court lacks jurisdiction over allegations about conduct at the SVAMC. To the extent that a response is necessary, the allegations in paragraphs 18 through 26 are denied.

27. The United States denies the allegation in paragraph 27.

28-32. Pursuant to the United States' Motion for Partial Dismissal of the Complaint and the accompanying memorandum, the Court lacks jurisdiction over

allegations about conduct at the SVAMC.  To the extent that a response is necessary, the allegations in paragraphs 28 through 32 are denied.

33. The United States admits only that the Plaintiff's MRI was on February 6, 2012, and it showed no evidence of extracapsular extension of the disease and no significant lymphadenopathy.  The remainder of paragraph 33 is denied.

34. The United States denies the allegations in paragraph 34.

35. The United States admits the allegations in paragraph 35.

36-37.  The United States denies the allegations in paragraphs 36 and 37.

38. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, accordingly, denies them.

39. The United States admits the allegations in paragraph 39.

40-47.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 through 47 and, accordingly, denies them.

48. The United States admits only that a progress note in the Plaintiff's medical chart dated February 20, 2012 references elevated creatinine.  The United States denies any characterization of this progress note alleged in paragraph 48.

49. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, accordingly, denies them.

50. The United States admits only that the Plaintiff had a renal ultrasound that showed a mild hydronephrosis. The United States denies all other allegations in paragraph 50.

51. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and, accordingly, denies them.

52. The United States admits the allegation in paragraph 52 of the complaint.

53. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and, accordingly, denies them.

54. The United States admits only that the Plaintiff called the Salem VAMC and stated that there had been no change in the swelling in his feet, calves and legs. The United States denies all other allegations in paragraph 54.

55. The United States admits only that the Plaintiff underwent a CT scan of his abdomen which revealed a fluid collection consistent with a lymphocele. The United States denies all other allegations in paragraph 55.

4

56. The United States admits only that on April 23, 2012, the Plaintiff was readmitted into the Durham, North Carolina, Veterans Affairs Medical Center. The United States denies all other allegations in paragraph 56.

57. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and, accordingly, denies them.

58. The United States admits only that the Plaintiff had a CT scan on April 27, 2012 that revealed a right ureteral injury. The United States denies all other allegations in paragraph 58.

59-60. The United States admits the allegations in paragraphs 59 and 60.

61. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and, accordingly, denies them.

62-63. The United States admits the allegations in paragraphs 62 and 63.

64. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and, accordingly, denies them.

65. The United States admits the allegation in paragraph 65.

66. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and, accordingly, denies them.

67. Pursuant to the United States' Motion for Partial Dismissal of the Complaint and the accompanying memorandum, the Court lacks jurisdiction over allegations about conduct at the SVAMC. To the extent that a response is necessary, the allegations in paragraph 67 are denied.

68. The United States admits only that on August 7, 2012, a laboratory report pertaining to the Plaintiff reported antibiotic susceptibility test results of "VRE enterococcus faecium." The United States denies all other allegations in paragraph 68.

69. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, accordingly, denies them.

70. The United States admits only that plans were made to remove the Plaintiff's Foley catheter and ureteral stent. The United States denies all other allegations in paragraph 70.

71. The United States admits only that on August 21, 2012, a Lasix renal scan was ordered. The United States denies all other allegations in paragraph 71.

72. The United States admits the allegations in paragraph 72.

73. The United States admits only that a Foley catheter was placed into the Plaintiff at the Durham VAMC on August 21, 2012. The United States denies all other allegations in paragraph 73.

74. The United States admits the allegations in paragraph 74.

75. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and, accordingly, denies them.

76. The United States admits the allegations in paragraph 76.

77. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and, accordingly, denies them.

78. The United States admits only that the Plaintiff continued to have urinary incontinence with ureteral strictures and apparent anastomotic strictures. The United States denies all other allegations in paragraph 78.

79-80. The United States admits the allegations in paragraphs 79 and 80.

81. The United States admits only that the Plaintiff had a cystoscopy which showed bladder neck contracture. The United States denies all other allegations in paragraph 81.

82-83. The United States admits the allegations in paragraphs 82 and 83.

84. The United States admits only that the Plaintiff had a transurethral resection of his bladder neck. Paragraph 84 quotes a medical record which speaks for itself and the United States denies any characterization of it.

85. The United States admits only that as of October 29, 2012, the Plaintiff remained catheter dependent. The United States denies all other allegations in paragraph 85.

86-87. The United States denies the allegations in paragraphs 86 and 87.

88. The United States incorporates by reference paragraphs 1 through 87 of this Answer in response to paragraph 88.

89-94. The allegations in paragraphs 89 through 94 are conclusions of law to which no response is required. To the extent that a response is required, the United States denies them.

95. The remaining unnumbered paragraph is a prayer for relief to which no response is required. To the extent that a response is required, the United States denies that the Plaintiff is entitled to any relief at all.

96. Any allegation not specifically admitted in this Answer is denied.

## AFFIRMATIVE DEFENSES

As a separate and complete defense to the Complaint, and waiving none of the above, the United States alleges the following affirmative defenses.

1. The Plaintiff failed to comply with the notice requirements of Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403.

2. North Carolina law applies to this action including:

   a. North Carolina Rule of Civil Procedure 9(j), providing pre-filing requirements for expert witness review of the action;

   b. North Carolina Rule of Evidence 414, limiting the Plaintiff's recovery for medical expenses to the amounts actually paid to satisfy the bills or the amounts actually necessary to satisfy the bills that have been incurred but not yet satisfied;

   c. North Carolina Gen. Stat. § 90-21.19, capping the Plaintiff's non-economic damages at $500,000; and

   d. Other provisions of North Carolina law affecting the substantive rights of the United States.

3. Title 28 U.S.C. § 2674 bars the Plaintiff from recovering prejudgment interest.

4. Title 28 U.S.C. § 2412(d)(1)(A) bars the Plaintiff from recovering costs or attorney fees.

5. Post-judgment interest is limited by the terms of 31 U.S.C. § 1304.

6. The Court lacks subject matter jurisdiction to hear the Plaintiff's claims based upon the acts or omissions of SVAMC employees.

7. The Complaint fails to state a claim upon which relief can be granted for acts or omissions by SVAMC employees.

The United reserves the right to amend this answer and to state additional defenses, of which it may become aware as discovery progresses.

                Respectfully submitted,

                JOHN P. FISHWICK, JR.
                United States Attorney

Date: April 18, 2016         */s/ Thomas L. Eckert*
                                    Thomas L. Eckert, VSB #18781
                                    Rick A. Mountcastle, VSB #19768
                                    Assistant United States Attorneys
                                    P. O. Box 1709
                                    Roanoke, VA 24008
                                    Telephone: (540) 857-2254
                                    Facsimile: (540) 857-2283
                                    thomas.eckert@usdoj.gov
                                    rick.mountcastle@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, I caused the foregoing United States' Answer to be filed with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following:

    S. D. Roberts Moore, Esquire
    Charles H. Smith, III, Esquire
    Les S. Bowers, Esquire
    Gentry Locke
    P. O. Box 40013
    Roanoke, VA 24022-0013
    moore@gentrylocke.com
    smith@gentrylocke.com
    bowers@gentrylocke.com

                                              */s/ Thomas L. Eckert*
                                              Thomas L. Eckert
                                              Assistant United States Attorney